UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cr-57 |
| | ) | |
| TROY EDWIN LEITNER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO SET TRIAL DATE BEYOND SPEEDY TRIAL WITH SUPPORTING MEMORDANDUM OF LAW**

The defendant, Troy Edwin Leitner, by counsel, respectfully moves this Honorable Court to set the trial of this matter beyond the time required by the Speedy Trial Act. In support of this motion, defendant represents the following:

1. Mr. Troy Edwin Leitner was arrested following the filing of a criminal complaint charging him with kidnapping in violation of 18 U.S.C. § 1201(a)(1). ECF No. 3. Mr. Leitner had his initial appearance on this Court on May 15, 2024, and the government moved for his detention. ECF No. 9. On May 21, 2024, the parties appeared before Magistrate Judge Krask for a preliminary hearing and detention hearing. ECF No. 15. After the Court found probable cause, Mr. Leitner waived his right to an immediate detention hearing and was ordered detained. ECF Nos. 14, 15. On June 5, 2024, a one-count indictment was filed charging Mr. Leitner with kidnapping in violation of 18 U.S.C. § 1201(a)(1). ECF No. 17. On June 12, 2024, an arraignment was held before Magistrate Judge Krask at which time, Mr. Leitner entered a not guilty plea. ECF No. 20. The speedy trial cut-off is August 15, 2024.

2. Mr. Leitner is alleged to have kidnapped a woman from Norfolk, Virginia on or about March 17, 2022 and transported her to Manning, South Carolina. *See* ECF No. 15 – Indictment. Before and during the commission of the alleged offense, Mr. Leitner is alleged to have represented

1

himself as a "Fugitive Recovery Agent" or bounty hunter and allegedly used that claimed status to kidnap "Jane Doe" who he believed to be wanted on an arrest warrant. *See* ECF No. 4 – Affidavit in Support of Criminal Complaint. In addition to the charged offense, Mr. Leitner was prosecuted in Pennsylvania for similar alleged conduct around the time of his alleged commission of the instant offense.

3. In addition to reviewing discovery (received last week), undersigned counsel must perform additional investigation regarding the charged offense, the charges in Pennsylvania as well as explore any potential constitutional issues and defenses. Based on Mr. Leitner's lengthy mental health history and the allegations in this case, the defense is exploring an insanity defense. Consequently, the defense has to investigate Mr. Leitner's mental health history, obtain records from out of state and interview potential witnesses out of state. This will take time. In addition, because of Mr. Leitner's mental health history, defense counsel will also be taking steps to have him evaluated for competency. In short, the unique circumstances of this case make it complex and undersigned counsel requires more time than what is afforded by the Speedy Trial Act to prepare a defense of Mr. Leitner.

4. In addition to this case, undersigned counsel represents other clients in criminal matters and will not be able to devote the entirety of his time and attention to this case.

5. Undersigned counsel has discussed this issue with Mr. Leitner and he is agreeable to waiving his Speedy Trial rights under 18 U.S.C. § 3161(c)(1). With the agreement of Mr. Leitner, counsel requests that the trial in this matter be scheduled sometime in the fall of 2024.

6. Counsel has discussed this matter with the Assistant United States Attorney. The government does not object to this motion.

**Law and Argument**

Pursuant to 18 U.S.C. § 3161(c)(1), a defendant has a right to a trial within 70 days from the filing date of the indictment or the initial appearance. However, 18 U.S.C. § 3161(h)(7)(A) allows a period of delay at the request of defense counsel if the judge finds that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In making this determination, the court shall consider whether: (1) the failure to grant a continuance would likely make a continuation of the proceeding impossible or result in a miscarriage of justice; (2) the case is designated as unusual or complex due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law such that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by § 3161; (3) the timing of the arrest and a delay in filing the indictment make it unreasonable to adhere to the timeline; and (4) the failure to grant a continuance would deny counsel for the defendant "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B).

Here, the second and fourth factors apply. Mr. Leitner is alleged to have kidnapped "Jane Doe" more than two years ago and while the offense allegedly started in Norfolk, additional alleged offense conduct happened out of state. In addition, Mr. Leitner's extensive mental health history and mental health condition at the time of the charged offense requires investigation and preparation as a potential defense. In the interest of justice, setting this case for trial beyond the time limits of § 3161(c)(1) is justified in order to allow counsel adequate time to thoroughly review the discovery, fully investigate and research potential constitutional issues and defenses, including but not limited to, insanity, and to protect Mr. Leitner's rights. In sum, the defense respectfully submits that this case is complex due to the nature and circumstances of the charged offense and

the defense's need to explore and prepare an insanity defense. In addition, the defense will be taking steps to have Mr. Leitner evaluated for competency[1]. The time it takes for this evaluation and examination is excluded from the computation of time within which the trial must commence. *See* 18 U.S.C. § 3161(h)(1)(A).[2] In short, there are justifiable reasons to set this case for trial after the time limits set forth in 18 U.S.C. § 3161(c)(1).

## Conclusion

For the above reasons, justice would be best served by granting this motion and setting the trial of this matter beyond the time limits of 18 U.S.C. § 3161(c)(1). Accordingly, the defense respectfully moves this Court for an order finding this matter complex under 18 U.S.C. § 3161(h)(7)(B)(ii) and that the ends of justice outweigh the best interests of the public and the Mr. Leitner in a speedy trial. In addition, based on the need to have Mr. Leitner evaluated for mental competency, setting the case after the Speedy Trial requirements is justified based on 18 § 3161(h)(1)(A). The defense requests that this Court schedule the trial in this matter for either September, October or November, 2024.

Respectfully submitted,

TROY EDWIN LEITNER

By: _____/s/_____
Keith Loren Kimball
Supervisory Ass't Federal Public Defender
Virginia State Bar No. 31046
Attorney for Troy Edwin Leitner
Office of the Federal Public Defender
500 E. Main Street, Suite 500

---

[1] The defense will arrange to have the evaluation performed locally in the jail where Mr. Leitner is currently incarcerated.

[2] "The following periods of delay shall be excluded in . . . computing the time within which the trial of any such offense must commence: (1) Any period of delay resulting from other proceedings concerning the defendant, including, but not limited to --- (A) delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant." 18 U.S.C. § 3161(h)(1)(A).

Norfolk, Virginia 23510  
Telephone: 757-457-0870  
Telefax: 757-457-0880  
Email Address: Keith_Kimball@fd.org